IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 14-84-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| WYATT CAMERON MONTCLAIR, | |
| Defendant. | |

## I. Synopsis

Defendant Wyatt Cameron Montclair (Montclair) has been accused of violating the conditions of his supervised release. Montclair admitted all of the alleged violations. Montclair's supervised release should be revoked. Montclair should be placed in custody for 5 months, with 28 months of supervised release to follow.

## II. Status

Montclair pleaded guilty to Burglary on November 25, 2014. (Doc. 23). The Court sentenced Montclair to 18 months of custody, followed by 3 years of supervised release. (Doc. 45). Montclair's current term of supervised release began on February 6, 2019. (Doc. 93 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Montclair's supervised release on April 15, 2019. (Doc. 93). The Petition alleges that Montclair violated the conditions of his supervised release: 1) by using marijuana; 2) by failing to report for substance abuse testing; and 3) by failing to report for substance abuse treatment. (Doc. 93 at 1-2). United States District Judge Brian Morris issued a warrant for Montclair's arrest on April 15, 2019. (Doc. 94).

**Initial appearance**

Montclair appeared before the undersigned for his initial appearance on May 7, 2019. Montclair was represented by counsel. Montclair stated that he had read the petition and that he understood the allegations. Montclair waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 15-21-GF-BMM-JTJ on May 7, 2019. Montclair admitted that he had violated the conditions of his supervised release: 1) by using marijuana; 2) by failing to report for substance abuse testing; and 3) by failing to report for substance abuse

2

treatment. The violations are serious and warrant revocation of Montclair's supervised release.

Montclair's violations are Grade C violations. Montclair's criminal history category is I. Montclair's underlying offenses are Class C and Class D felonies. Montclair could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 34 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Montclair's supervised release should be revoked. Montclair should receive a term of custody of 5 months, with 28 months of supervised release to follow. The supervised release conditions imposed previously should be continued. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 15-21-GF-BMM. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Montclair that the above sentence would be recommended to Judge Morris. The Court also informed Montclair of his right to object to these Findings and Recommendations within 14 days of their issuance.

The Court explained to Montclair that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Montclair stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Wyatt Cameron Montclair violated the conditions of his supervised release by using marijuana, by failing to report for substance abuse testing, and by failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

> That the District Court should revoke Montclair's supervised release and commit Montclair to the custody of the United States Bureau of Prisons for a term of 5 months, with 28 months of supervised release to follow. The supervised release conditions imposed previously should be continued. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 15-21-GF-BMM.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations

4

to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED the 8th day of May, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge