IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WYATT CAMERON MONTCLAIR,<br><br>Defendant. | CR 14-84-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Wyatt Cameron Montclair (Montclair) has been accused of violating the conditions of his supervised release. Montclair admitted all of the alleged violations. Montclair's supervised release should be revoked. Montclair should be placed in custody for 7 months, with no supervised release to follow.

## II. Status

Montclair pleaded guilty to Burglary on November 25, 2014. (Doc. 23). The Court sentenced Montclair to 18 months of custody, followed by 3 years of supervised release. (Doc. 45).

**Petition**

The United States Probation Office filed an Amended Petition requesting that the Court revoke Montclair's supervised release on September 9, 2022. (Doc.

137). The Amended Petition alleges that Montclair violated the conditions of his supervised release: 1) by failing to follow the instructions of his probation officer; 2) by failing to report for work on three separate occasions; 3) by failing to report for his mental health treatment program; 4) by failing to maintain full time employment; 5) by consuming alcohol; and 6) by using marijuana. (Doc. 137).

**Initial appearance**

Montclair appeared before the undersigned for his initial appearance on September 13, 2022. Montclair was represented by counsel. Montclair stated that he had read the petition and that he understood the allegations. Montclair waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 15-21-GF-BMM-JTJ on September 13, 2022. Montclair admitted that he had violated the conditions of his supervised release: 1) by failing to follow the instructions of his probation officer; 2) by failing to report for work on three separate occasions; 3) by failing to report for his mental health treatment program; 4) by failing to maintain full time employment; 5) by consuming alcohol; and 6) by using marijuana. The violations are serious and warrant revocation of

2

Montclair's supervised release.

Montclair's violations are Grade C violations. Montclair's criminal history category is I. Montclair's underlying offense is a Class C felony. Montclair could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 18 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Montclair's supervised release should be revoked. Montclair should be placed in custody for 7 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 15-21-GF-BMM.

### IV. Conclusion

The Court informed Montclair that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Montclair of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Montclair that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

3

Montclair stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Wyatt Cameron Montclair violated the conditions of his supervised release: by failing to follow the instructions of his probation officer; by failing to report for work on three separate occasions; by failing to report for his mental health treatment program; by failing to maintain full time employment; by consuming alcohol; and by using marijuana.

The Court **RECOMMENDS:**

> That the District Court should revoke Montclair's supervised release and commit Montclair to the custody of the United States Bureau of Prisons for 7 months, with no supervised release to follow. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 15-21-GF-BMM.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify,

in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED the 14th day of September, 2022.

John Johnston
United States Magistrate Judge